**Opinion issued January 14, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00239-CR

———————————

**DONALD ANTHONY MACKENZIE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 6**
**Harris County, Texas**
**Trial Court Case No. 1730211**

---

## MEMORANDUM OPINION

On March 1, 2012, a jury found appellant, Donald Anthony MacKenzie, guilty of the misdemeanor offense of disorderly conduct. *See* TEX. PEN. CODE ANN. § 42.01(a)(8) (West Supp. 2013). That same day, the trial court rendered judgment based on the jury's verdict and MacKenzie filed a notice of appeal. On

March 30, 2012, MacKenzie filed a motion for new trial, which the trial court granted on April 26, 2012, thereby setting aside the jury's verdict and the March 1, 2012 judgment. *See* TEX. R. APP. P. 21.9(b). MacKenzie then pleaded guilty to the offense. On June 19, 2012, the trial court found MacKenzie guilty and, in accordance with the terms of his plea bargain agreement with the State, sentenced him to three days in the Harris County Jail. MacKenzie did not file a notice of appeal from the June 19, 2012 judgment. We dismiss the appeal.

In a criminal case, an appellant must timely file a notice of appeal to perfect the appeal. *See* TEX. R. APP. P. 25.2(b); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). To be timely filed, the notice of appeal must be filed after the trial court makes a finding of guilt or receives the jury's verdict and within either 30 or 90 days after the day sentence is imposed or suspended in open court. *See* TEX. R. APP. P. 26.2(a), 27.1(b). A notice of appeal filed before the trial court makes a finding of guilt or receives the jury's verdict is not effective. *See* TEX. R. APP. P. 27.1(b); *Pilarcik v. State*, No. 08-08-00121-CR, 2008 WL 4429734, at * 1 (Tex. App.—El Paso Oct. 2, 2008, no pet.) (not designated for publication); *Caldera v. State*, Nos. 13-01-528-CR, 13-01-529-CR, 13-01-530-CR, 2002 WL 992770, at *1 (Tex. App.—Corpus Christi May 16, 2002, no pet.) (not designated for publication); *McGarity v. State*, No. 04-99-00817-CR, 2000 WL 277315, at *1 (Tex. App.—San Antonio Mar. 15, 2000, no pet.) (not designated for publication).

Here, MacKenzie filed his notice of appeal after the jury found him guilty and the trial court entered its March 1, 2012 judgment. Once the trial court granted his motion for new trial and set aside the jury's finding of guilt and the March 1, 2012 judgment, however, the appeal from the March 1, 2012 judgment was rendered moot. *See* TEX. R. APP. P. 21.9(b) ("Granting a new trial restores the case to its position before the former trial . . . ."). And because a notice of appeal is ineffective if filed before the trial court makes a finding of guilt, MacKenzie's March 1, 2012 notice of appeal, filed prior to the June 19, 2012 finding of guilt by the trial court, was ineffective to invoke this Court's jurisdiction over an appeal from the trial court's June 19, 2012 judgment. *See* TEX. R. APP. P. 27.1(b). MacKenzie was required to file a new notice of appeal after the trial court re-sentenced him on June 19, 2012 to invoke this Court's jurisdiction over an appeal from the June 19, 2012 judgment. *See Pilarcik*, 2008 WL 4429734, at *1.

Accordingly, we have no jurisdiction over this appeal and can take no action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Pilarcik*, 2008 WL 4429734, at *1; *Caldera*, 2002 WL 992770, at *1; *McGarity*, 2000 WL 277315, at *1. We dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

3

Do not publish. TEX. R. APP. P. 47.2(b).